

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL GONZALEZ,

                    Plaintiff,

- against –

**CORRECTION OFFICER PHILIP ROUNDTREE,**
and **CORRECTION OFFICER RICHARD LORDO,**
in their individual and official capacities as Correction
Officers employed by the State of New York,

                    Defendant.

------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**



      Plaintiff, by his attorney, ANDREW F. PLASSE, P.C., as and for his Complaint, hereby alleges and shows to the Court the following:

      1. Plaintiff Michael Gonzalez hereby brings this action against Correction Officer Philip Roundtree and Correction Officer Richard Lordo, in their individual and official capacities as Correction Officers employed by the State of New York for damages arising out of unconstitutional policies and actions arising out of an alleged assault and battery which occurred on December 21, 2009 and a claim against Correction Officer Philip Roundtree for damages arising out of unconstitutional policies and actions arising out of an alleged assault and battery which occurred on or about December 7, 2009.

      2. Plaintiff brings this action against the defendants to redress the deprivation of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, the parallel rights of the New York State Constitution, and 42 U.S.C Sections 1981 and 1983.

3. At the time of both alleged incidents herein, plaintiff was an inmate at Sing Sing Correctional Facility. The defendants are citizens of the State of New York. The amount in controversy exceeds the sum of Fifty Thousand [$50,000.00] Dollars, exclusive of interest and costs.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1332, and 1343(a) (3) and 42 U.S.C. Section 1983.

5. Venue is proper in this District pursuant to 28 U.S.C. 1381.

6. At all times hereinafter mentioned the defendants Correction Officer Roundtree and Correction Officer Lordo were employed as New York State Correction Officers at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, NY at the times of the incidents set forth infra.

7. At the time of the alleged incidents and at all times pertinent hereto, the defendants Correction Officer Philip Roundtree and Correction Officer Philip Lordo acted under color of State Law or a statute, ordinance, regulation or custom.

### STATEMENT OF FACTS

<u>December 7, 2009 Incident</u>

8. On or about December 7, 2009, plaintiff was in the custody of the New York State Department of Corrections at Ossining Correctional Facility, 354 Hunter Street, Ossining, NY 10562 in Z gallery.

9. Correction Officer Roundtree approached Gonzalez who was in his cell.

10. Correction Officer Roundtree began fondling his own genitalia in front of Gonzalez while outside of his cell.

11. Correction Officer Roundtree walked away from the cell.

12. Correction Officer Roundtree returned to the Gonzalez cell a short time later.

13. Correction Officer Roundtree told plaintiff that he was going to perform a cell search.

14. Correction Officer Roundtree entered Gonzalez's cell.

15. Correction Officer Roundtree exposed his genitalia to the plaintiff.

16. Correction Officer Roundtree asked Gonzalez to turn around and show him his 'ass'.

17. Correction Officer Roundtree continued to rub his own genitalia.

18. Correction Officer Roundtree ordered plaintiff to get on his knees and perform oral sex on him.

19. Correction Officer Roundtree then forced Gonzalez to perform oral sex on him.

20. When the forcible sexual act was completed, Correction Officer Roundtree threatened Gonzalez. Correction Officer Roundtree told Gonzalez that he better not report the incident to anyone or he would make sure Gonzalez would disappear and that he would make sure a urine test would turn out dirty for him.

### December 21, 2009 Incident

21. On or about December 21, 2009, at approximately 9:00 p.m., plaintiff was in the custody of the State of New York at the Ossining Correctional Facility, 354 Hunter Street, Ossining, NY 10562, more specifically, at the Plaintiff's cell, S-44.

22. Plaintiff Gonzalez had just returned from the movie run.

23. Plaintiff Gonzalez has a form of asthma.

24. After he returned from the movie, he felt tightness in his chest and was not feeling well.

25. Correction Officer Roundtree came to his cell.

26. Correction Officer Roundtree told Plaintiff that once he cleared the gallery that Gonzalez should go to X-Gallery and get into the shower stall, so that Gonzalez could give him some head.

27. Gonzalez told Correction Officer Roundtree that he wasn't feeling well because of the tightness in his chest, and that he would have to take care of him another time.

28. Correction Officer Roundtree became extremely angry.

29. Correction Officer Roundtree called Gonzalez a cock teasing faggot.

30. Correction Officer Roundtree then punched the plaintiff twice in his face.

31. Plaintiff fell to the floor in a fetal position.

32. Correction Officer Roundtree then struck the plaintiff eight times, while he was on the floor, with his baton.

33. Correction Officer Roundtree then kicked the plaintiff several times in his face.

34. After plaintiff was on the floor, and physically incapacitated by the injuries he sustained from the injuries inflicted on him by Correction Officer Roundtree, Correction Officer Lordo grabbed plaintiff, who was on the ground, by the back of his shirt and smashed his head to the floor, injuring his head.

35. That as a result of the aforesaid, the plaintiff sustained severe personal injuries.

36. As a direct and proximate result of the tortuous actions of the defendants, Correction Officer Roundtree and Correction Officer Lordo, the plaintiff has been rendered disabled and felt pain from the injuries, and was forced to suffer pain and mental anguish, and forced to incur medical treatment and expenses.

### PLAINTIFF'S CLAIM.

37. Upon information and belief, Correction Officer Roundtree and Correction Officer Lordo acted with actual malice toward the plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff

38. Upon information and belief, the actions taken as aforesaid by Correction Officer Roundtree and Correction Officer Lordo constituted unreasonable and excessive use of force and deprivation of liberty without due process of law.

39. Upon information and belief, the conduct of defendant Correction Officer Roundtree and Correction Officer Lordo violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

40. Plaintiff filed Grievances regarding the underlying cause of action herein. The Superintendent referred the Grievances to the Inspector General's office. Plaintiff has therefore exhausted his administrative remedies to the extent possible by law.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST CORRECTION OFFICER ROUNDTREE AND CORRECTION OFFICER LORDO, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-40" AND FURTHER ALLEGES AS FOLLOWS:

41. The assault and battery perpetrated on the Plaintiff, on December 21, 2009, when he did not constitute a threat or danger to either Correction Officer Roundtree or

Correction Officer Lordo, which resulted in his injuries, violated the rights of the Plaintiff as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. Section 1983 for which the defendants Correction Officer Roundtree and Correction Officer Lordo are individually liable.

42. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

43. That by reason of the foregoing, the plaintiff has been damaged in the amount of TEN MILLION [$10,00,000.00] DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST CORRECTION OFFICER ROUNDTREE AND CORRECTION OFFICER LORDO, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-40" AND FURTHER ALLEGES AS FOLLOWS:**

44. Correction Officer Roundtree and Correction Officer Lordo entered into a conspiracy on December 21, 2009 to deny the Claimant his constitutional rights which resulted in his injuries, and violated the rights of the Plaintiff as guaranteed by the United States Constitution and the Judiciary Law, for which the defendants Correction Officer Roundtree and Correction Officer Lordo are individually liable.

45. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

46. That by reason of the foregoing, the plaintiff has been damaged in the amount of TEN MILLION [$10,00,000.00] DOLLARS.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST CORRECTION OFFICER ROUNDTREE, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-40" AND FURTHER ALLEGES AS FOLLOWS:**

47. The assault and battery perpetrated on the Plaintiff, on December 7, 2009, when he did not constitute a threat or danger to Correction Officer Roundtree, which resulted in his injuries, violated the rights of the Plaintiff as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. Section 1983 for which the defendant Correction Officer Roundtree is individually liable.

48. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will

necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

49. That by reason of the foregoing, the plaintiff has been damaged in the amount of TEN MILLION [$10,00,000.00] DOLLARS.

**WHEREFORE,** Plaintiff demands Judgment as follows:

I. Judgment on the First Cause of Action on behalf of the Plaintiff against defendants Correction Officer Philip Roundtree and Correction Officer Lordo in the amount of TEN MILLION [$10,00,000.00] DOLLARS;

II. Judgment on the Second Cause of Action on behalf of the Plaintiff against defendants Correction Officer Philip Roundtree and Correction Officer Lordo in the amount of TEN MILLION [$10,00,000.00] DOLLARS;

III. Judgment on the Third Cause of Action on behalf of the Plaintiff against defendant Correction Officer Philip Roundtree in the amount of TEN MILLION [$10,00,000.00] DOLLARS;

IV. Judgment for Punitive Damages against defendants Correction Officer Roundtree and Correction Officer Lordo in the amount of TEN MILLION [$10,00,000.00] DOLLARS;

V. Together with the costs and disbursements of this action, for reasonable attorney's fees under the applicable Federal Statutes, and for such other and further relief as to this Court seems just and proper.

DATED:   September 24, 2010
         New York, New York

*/s/ Andrew F. Plasse*

ANDREW F. PLASSE, P.C.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
352 7th Avenue, Suite 1242
New York, NY 10001
[212] 695-5811

**DEMAND FOR JURY TRIAL IS HEREBY MADE
PURSUANT TO RULE 38 OF THE FEDERAL
RULES OF CIVIL PROCEDURE**

*/s/ Andrew F. Plasse*

ANDREW F. PLASSE, P.C.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
352 7th Avenue, Suite 1242
New York, NY 10001
[212] 695-5811